**The STATE of Texas, Appellant,**

**v.**

**Michael Kevin PERKINS, Appellee.**

**No. 2–94–513–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 7, 1995.

Bruce Isaacks, Criminal District Attorney, Yolanda M. Joosten, Jamie Beck Gurley, Assistant District Attorneys, Denton, for Appellant.

Jerry Ray McClain, Law Office of Jerry Ray, McClain, The Colony, for Appellee.

Before DAY, LIVINGSTON and HOLMAN, JJ.

## OPINION

LIVINGSTON, Justice.

On February 16, 1992, the car in which Michael Kevin Perkins was a passenger was stopped by police for speeding. The police patted down Perkins and found a small bag of marihuana in his pocket. On March 5, 1992, the State charged Perkins with the possession of less than two ounces of marihuana, announced ready for trial, and filed a plea bargain offer with the court. Perkins was not notified about the charges or the plea bargain offer until the trial court sent him a letter on April 30, 1993 over a year later. On November 17, 1994, the trial court dismissed the case after a two-year and nine-month delay because Perkins's right to a speedy trial had been violated. Because we find that the trial court did not abuse its discretion in dismissing the case, we affirm.

■ The Sixth Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment, guarantees the right to a speedy trial. The Texas Constitution guarantees the same right in article I, section 10. A trial court has the authority to dismiss a case for violation of a defendant's right to a speedy trial. *State v. Johnson*, 821 S.W.2d 609, 612 n. 2 (Tex.Crim. App.1991). To determine whether an accused has been denied the right to a speedy trial, the trial court employs the balancing test first enunciated in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 117 (1972). In applying this test, the trial court considers four factors: 1) length of delay; 2) reason for the delay; 3) defendant's assertion of the right; and 4) prejudice to defendant resulting from that delay. *Id; Deeb v. State*, 815 S.W.2d 692, 704 (Tex. Crim.App.1991), *cert. denied*, 505 U.S. 1223, 112 S.Ct. 3038, 120 L.Ed.2d 907 (1992).

■ On appeal, our review is restricted to whether the trial court abused its discretion in applying the *Barker* balancing test and dismissing the case. *State v. DeBlanc*, 858 S.W.2d 19, 22 (Tex.App.—Beaumont 1993, no pet.); *State v. Hernandez*, 830 S.W.2d 631, 635 (Tex.App.—San Antonio 1992, no pet.); *State v. Owens*, 778 S.W.2d 135, 138 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. We will affirm judicial rulings if the trial court

followed the appropriate analysis and balancing factors, though we might disagree with the weight given those individual factors. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App.1990). Thus, our review necessitates an examination of the *Barker* factors as applied by the trial court in each case.

## LENGTH OF DELAY

First, the trial court must measure the length of delay from the time the defendant is arrested until the time of trial or, as in this case, the time of dismissal. *Hull v. State*, 699 S.W.2d 220, 221 (Tex.Crim.App. 1985). The police arrested Perkins on February 16, 1992. The trial court dismissed the case on November 17, 1994. This is a thirty-three month delay. Although no specific length of time triggers speedy trial analysis, the delay accepted for "ordinary street crime" is considerably less than the delay tolerated for more serious and complex crime. *Barker*, 407 U.S. at 530–31, 92 S.Ct. at 2192, 33 L.Ed.2d at 117; *Owens*, 778 S.W.2d at 137. Some courts presume that a delay of eight months or longer is unreasonable. *See Harris v. State*, 827 S.W.2d 949, 956 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). A thirty-three month delay for a class B misdemeanor could be considered unreasonable, so it was appropriate for the trial court to find that this delay triggered a speedy trial analysis.

## REASON FOR DELAY

Once the trial court determines that a speedy trial analysis is required, the court must consider the reason for the delay. The burden of excusing the delay rests with the State. *Turner v. State*, 545 S.W.2d 133, 137–38 (Tex.Crim.App.1976). The State attributes the first fourteen months of the delay to the trial court's overcrowded docket. In March 1992, when Perkins's case was filed, it took approximately nine to twelve months for a case to be set for trial. The court administrator who testified about the delay could not explain why Perkins's case took an unusual fourteen months to be set. Although judicial delay does not weigh as heavily against the State as prosecutorial delay, it is still a factor that a judge may consider. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117; *Chapman v. Evans*, 744 S.W.2d 133, 136 (Tex.Crim.App. 1988).

The next three and a half months of the delay are attributable to both Perkins and the State. The parties agreed to pass the June 2, 1993 arraignment date to September 13, 1993 so that they could prepare for Perkins's first motion to quash and dismiss the complaint. This motion alleged that Perkins's right to a speedy trial had already been violated. Although the record indicates that the court held a hearing on September 13, 1993, there is no record of the motion's disposition. However, Perkins filed a second amended motion to quash in December 1993.

Four more months passed from the September 13, 1993 hearing until the parties agreed to set trial for March 2, 1994. The record gives no explanation for this delay. Accordingly, the State has not met its burden in excusing this delay. In light of the silent record, we must presume that no valid reason existed. *Phillips v. State*, 650 S.W.2d 396, 400 (Tex.Crim.App. [Panel Op.] 1983); *Turner*, 545 S.W.2d at 137–38.

The remaining delay, from March 2, 1994 to November 17, 1994, is attributable to Perkins. The record shows that Perkins had a difficult time in locating and serving a subpoena on a witness whom he claimed was crucial to his defense. The witness, who was the driver of the car on the night of Perkins's arrest, had moved to California during the fourteen months between the arrest and the original arraignment date. Because of this difficulty, Perkins passed one trial date and filed one motion for continuance, which was granted by the trial court.

There are cases in which the criminal defendant's contribution to the delay helped cause his speedy trial claim to fail. *County v. State*, 812 S.W.2d 303, 310 (Tex. Crim.App.1989); *Hernandez*, 830 S.W.2d at 635; *Burton v. State*, 805 S.W.2d 564, 572 (Tex.App.—Dallas 1991, pet. ref'd); *Caicedo v. State*, 769 S.W.2d 597, 598 (Tex.App.— Houston [14th Dist.] 1989, no pet.); *Koffel v. State*, 710 S.W.2d 796, 806 (Tex.App.—Fort

Worth 1986, pet. ref'd). However, in those cases the delay to which the defendant contributed was the delay that the defendant claimed was a violation of his right to a speedy trial. In this case, Perkins at all times claimed that the initial fourteen-month delay after his arrest was the violation of his speedy trial rights. Additionally, this initial fourteen-month delay precipitated his requests for continuances because his witness had moved to California during that time.

It is clear that in balancing this factor, the trial court focused on the fourteen-month delay caused by court overcrowding. The trial judge found that Perkins was not negligent and specifically noted that he was basing his decision on *Phillips*, 650 S.W.2d at 400. The *Phillips* court, which the trial judge quoted, had noted that the ultimate responsibility for delay because of overcrowded courts rests with the government, not the defendant. *Id.* The trial court was not required to find that Perkins's contribution to portions of the total delay waived his speedy trial claim. *See Thompson v. State*, 804 S.W.2d 577, 578–80 (Tex.App.—Houston [14th Dist.] 1991, no pet.) (criminal defendant's filing of writs of mandamus did not preclude a dismissal of the case for violation of his right to a speedy trial).

### ASSERTION OF THE RIGHT

 The third factor of *Barker* is the defendant's assertion of the right to a speedy trial. Here, when he learned about the case against him, Perkins's first action was to file a motion to quash the complaint and dismiss the case. His grounds for the motion included the violation of his right to a speedy trial. Perkins also asked, in the alternative, for an accelerated trial setting. The State contends that this assertion is inadequate. Instead, they argue that Perkins should have made a demand for a speedy trial at or soon after his arrest. The State cites *Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975), and *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) for this proposition.

However, *Dillingham* and *Marion* address when the right to a speedy trial attaches, not when a defendant must assert the right.

The State cites no authority that the attachment of the right and the assertion of the right are synonymous. As the Supreme Court in *Barker* stated, "[I]t [is] impossible to pinpoint a precise time in the process when the right must be asserted or waived, but that fact does not argue for placing the burden of protecting the right solely on defendants. A defendant has no duty to bring himself to trial." 407 U.S. at 527, 92 S.Ct. at 2190, 33 L.Ed.2d at 115. Perkins had no burden to demand a speedy trial at his arrest or before he learned about his arraignment date.

The State also argues that because the Texas Code of Criminal Procedure requires that a magistrate admonish an arrestee of his rights and the charge against him, Perkins had notice of the charges against him and of his right to assert his speedy trial rights. Nothing in the record indicates that Perkins was taken before a magistrate for such an admonition. Because the State argues outside the record of this case, we decline to address its argument. TEX.R.APP.P. 74(f).

 Lastly, the State claims that Perkins did not truly want a speedy trial because his last motion to dismiss the complaint no longer asked, in the alternative, for an accelerated trial. It is true that a defendant's motivation in asking for a dismissal may sometimes attenuate the strength of his claim. *Phillips*, 650 S.W.2d at 401. However, asking only for a dismissal will not necessarily result in a waiver of the claim. "In some cases, defense counsel may legitimately feel that a long delay has caused a client so much prejudice that dismissal is warranted." *Id.* Because a defendant's assertion of the right to a speedy trial must be viewed in light of the defendant's other conduct, each case must turn on its own facts. *Burgett v. State*, 865 S.W.2d 594, 598 (Tex.App.—Fort Worth 1993, pet. ref'd). Perkins at all times claimed that he had been prejudiced by the initial fourteen-month delay after his arrest. In his earliest motions, he asked for an accelerated trial. Because the trial court is in the best position to judge the facts and the credibility of the defendant's assertion of the right, we give the court considerable deference. *Id.*

## PREJUDICE TO THE DEFENDANT

 Lastly, the trial court must consider whether the delay caused prejudice to the defendant. Trial delay can be harmful in three ways: 1) pretrial incarceration may be oppressive; 2) the accused may be unduly subjected to anxiety and concern; or 3) the accused's defense may be impaired by loss of exculpatory evidence and dimming memories. *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 118. Perkins claims that his defense was impaired because one witness was unavailable and because his and other witnesses' memories had dimmed. The State claims that Perkins failed to show that his defense was impaired.

 The State's argument focuses only on the prejudice caused by the unavailable witness. If an unavailable witness were Perkins's only ground for prejudice, we would review the trial court's determination of prejudice under the rule announced in *Burgett*, 865 S.W.2d at 598. We need not address that argument because the State failed to refute Perkins's claims of prejudice due to dimming memories. Perkins testified that but for the fourteen-month delay, he would have "remembered a lot more" about the night of his arrest. His lawyer also testified that other witnesses had lost memory of the events of that night.

 The State claims that it has no duty to contradict assertions of dimming memories. However, once a defendant makes a prima facie showing of prejudice, the burden shifts to the State to refute that prejudice. *Ex parte McKenzie*, 491 S.W.2d 122, 123 (Tex.Crim.App.1973). In the hearing in which the court dismissed the case, the State did not call witnesses or cross-examine Perkins and his lawyer about dimming memories. The State has also failed to cite any authority that would show that Perkins did not make a prima facie showing of prejudice. "[A]ctual proof of prejudice is not required, only some showing that the delay was prejudicial." *Burgett*, 865 S.W.2d at 598. The trial judge found that some proof of prejudice was presented.

We conclude that the trial court correctly applied the *Barker v. Wingo* balancing test. Because we find no abuse of discretion, we affirm the dismissal of the charges against Perkins.