# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00269-CR

**The State of Texas, Appellant**

**v.**

**Brandy Yvonne Pyburn, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NO. 2C96-1542, HONORABLE JOHN BARINA, JR., JUDGE PRESIDING

The State appeals the trial court=s judgment granting appellee=s motion to dismiss for failure to provide a speedy trial. *See* U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.05 (West 1977). Because we agree with the State that the trial court erred in finding that the State violated appellee=s right to a speedy trial, we reverse the trial court=s order and remand the cause for further proceedings.

## BACKGROUND

On December 15, 1995, at approximately 11:00 p.m., appellee=s automobile collided with another vehicle as she turned eastbound into a westbound lane of traffic at the intersection of Loop 363 and Interstate 35 in Temple. Temple police officer David Davis responded to investigate the accident scene.

There, he interviewed the four occupants of the car struck by appellee=s car. After concluding his investigation at the accident scene, Officer Davis believed appellee was intoxicated. Officer Davis went to question appellee at the hospital where she had been transported to treat her injuries. While at the hospital, Officer Davis also procured appellee=s consent to take a blood specimen. Appellee=s blood test showed that she had a blood alcohol level of 0.11. Based on the blood test and his investigation at the accident scene, on February 22, 1996, Officer Davis procured an arrest warrant for appellee. On March 11, 1996, the State filed an information charging appellee with the misdemeanor offense of driving while intoxicated. Appellee was arrested on December 14, 2000. On April 19, 2002, appellee filed a motion to dismiss for failure to provide a constitutional speedy trial. In arguing her motion before the trial court at a hearing on April 24, 2002, appellee asserted that she was prejudiced, not by the delay between her arrest and trial, but by the delay between the filing of charges and her arrest, and that such prejudice merited dismissal of the case. The trial court found that the State had violated appellee=s right to a speedy trial and granted appellee=s motion. From that judgment, the State now appeals.

## DISCUSSION

The State contends in one issue that, because appellee did not diligently assert her right to speedy trial, and because she did not make some showing of prejudice caused by the delay, the trial court erred in granting appellee=s motion to dismiss. Appellee responds that trial court correctly granted the motion to dismiss because the State=s lack of diligence in attempting to serve an arrest warrant for fifty-seven months sufficiently prejudiced her defense so as to justify dismissal of the misdemeanor DWI charges against her.

The Sixth Amendment to the United States Constitution and article I, section 10 of the Texas Constitution guarantee an accused the right to a speedy trial. U.S. Const. amend. VI; Tex. Const. art. I, ' 10; *see also* Tex. Code Crim. Proc. Ann. art. 1.05. The guarantee is one of Aorderly expedition and not mere speed.@ *United States v. Marion*, 404 U.S. 307, 313 (1971) (quoting *Smith v. United States*, 360 U.S. 1, 10 (1959)). Constitutional speedy trial claims are analyzed by weighing and then balancing the conduct of both the prosecution and the defendant against four factors: (i) length of the delay, (ii) reason for the delay, (iii) assertion of the right, and (iv) prejudice to the accused. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *State v. Munoz*, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999). None of the four factors are either necessary or sufficient to support a finding that an accused has been deprived of the right to speedy trial; rather, a court must consider each factor together with the particular and relevant circumstances of the case. *Barker*, 407 U.S. at 533; *Munoz*, 991 S.W.2d at 821.

In reviewing a trial court=s decision on an accused=s speedy trial claim, we are to apply a bifurcated standard of review in which we review the trial court=s factual determinations under an abuse of discretion standard but review *de novo* the legal components of the trial court=s decision. *Munoz*, 991 S.W.2d at 821 (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997)). The balancing test as a whole, however, is a purely legal question subject to *de novo* review. *Johnson*, 954 S.W.2d at 771 (citing *Villarreal v. State*, 935 S.W.2d 134, 138 n.3 (Tex. Crim. App. 1996)). Bearing these principles in mind, we now turn to our analysis of the four *Barker* factors.

***Length of Delay***

The length of delay for purposes of speedy trial analysis is generally measured from the time a defendant is arrested or formally charged. *Marion*, 404 U.S. at 313; *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992). But the State concedes that the period between the filing of the information and appellee=s motion to dismiss is sufficient to trigger a full *Barker* analysis; thus, it bears the burden of excusing the delay. *See Doggett v. United States*, 505 U.S. 647, 651-52 (1992); *State v. Perkins*, 911 S.W.2d 548, 552 (Tex. App.CFort Worth 1995, no pet.).

### *Reason for Delay*

In considering the reason for the delay, different weight should be assigned to different reasons. *Phillips v. State*, 650 S.W.2d 396, 400 (Tex. Crim. App. 1983); *Turner v. State*, 545 S.W.2d 133, 137 (Tex. Crim. App. 1976). A deliberate attempt to delay the trial in order to hamper the defense would weigh heavily against the State. *Barker*, 407 U.S. at 531. A more neutral reason, such as negligence or overcrowded dockets, should be weighed less heavily, but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the State, not the defendant. *Id*.; *see also Turner*, 545 S.W.2d at 137.

The offense in question occurred on December 15, 1995; the State charged appellee with the offense on March 11, 1996; the State did not arrest appellee for this offense until December 14, 2000. The record shows that shortly after the accident the investigating officer visited appellee at the hospital, advised her that the police were investigating the accident, and obtained her consent to take a blood sample. Although the underlying facts are undisputed, the parties disagree about the substance of Officer Davis=s conversation with appellee. Officer Davis testified at the hearing on appellee=s motion to dismiss that he told

4

appellee she was under arrest for driving while intoxicated and that she should contact the Temple Police Department the following day to see whether a warrant had issued for her arrest. Appellee testified that while she was at the hospital she was never told she was under arrest or that there were charges pending against her and that she was never taken into police custody upon leaving the hospital. Because the trial court decided the speedy trial claim in appellee=s favor, we are required to presume that it resolved disputed fact issues in appellee=s favor. *See Munoz*, 991 S.W.2d at 821.

The record also shows that, despite being arrested on at least two separate occasions for other driving offenses after the alleged DWI, and attempting to verify whether she had any further outstanding arrest warrants, appellee never received notification from the State that she had been charged with DWI relating to the December 1995 accident. Although appellee admitted to moving her residence several times between December 1995 and December 2000, she testified that she continued to use as her permanent address the Killeen address that appeared on her driver=s license at the time of the accident, which was also her grandmother=s permanent address. Appellee contends, and the State does not dispute, that no one ever attempted to execute the warrant at her grandmother=s address, even though Officer Davis received separate notifications in 1997 and 1998 that the warrant had not been served. Giving due deference to the trial court=s implied findings and the undisputed facts, we attribute the delay to the State and resolve this factor in appellee=s favor.

### *Assertion of Speedy Trial Right*

The State contends that appellee did not diligently assert her right to a speedy trial. In analyzing this factor, we note that the responsibility to assert the right to a speedy trial lies with appellee.

*See Barker*, 407 U.S. at 531.  Where an accused promptly asserts her speedy trial right, courts should give great weight to that assertion in determining whether she was deprived of that right.  *Id.* at 531-32.  If, however, an accused fails to assert the right in a timely and persistent manner, courts may infer that she waived her right to a speedy trial.  *Id.* at 532 (Afailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial@); *see also Emery v. State*, 881 S.W.2d 702, 709 (Tex. Crim. App. 1994); *Harris*, 827 S.W.2d at 957; *Rivera v. State*, 990 S.W.2d 882, 891 (Tex. App.CAustin 1999, pet. ref=d).

In the instant case, we recognize that appellee cannot be penalized for failing to invoke her speedy trial right until she became aware that she was charged with DWI, which was not until after she was arrested in December 2000.  *See Doggett*, 505 U.S. at 654.  Our focus, then, is on whether appellee diligently asserted her right to a speedy trial after her arrest.  Between the time of appellee=s arrest and her motion to dismiss, appellee=s attorney filed and received four continuances.  At the hearing on her motion to dismiss, appellee testified:

[State]:　　　Were you concerned about getting a speedy trial before now?

[Appellee]:　No.  The lawyerCI don=t really know too much about his stuff.  I was kind of letting him handle it.

Considering appellee=s testimony, her attorney=s numerous requests for continuances, and the lengthy period of time between appellee=s arrest and her first assertion of her speedy trial right, we weigh this factor against her.

*Prejudice to Defense*

The prejudice factor should be assessed in light of a defendant=s interests that the speedy trial right was designed to protect. *Barker*, 407 U.S. at 532; *Emery*, 881 S.W.2d at 709. The Supreme Court has identified three such interests: (i) to prevent oppressive pretrial incarceration, (ii) to minimize anxiety and concern of the accused resulting from the pending charges, and (iii) to limit the possibility that the defendant=s defense will be impaired. *Barker*, 407 U.S. at 532; *see also Phillips*, 650 S.W.2d at 401. Nothing in the record supports an argument that the first two interests are at issue in appellee=s case. Thus, we are concerned primarily with the third interest, that is, whether appellee=s ability to defend herself was prejudiced by the delay. *See Harris v. State*, 489 S.W.2d 303, 308 (Tex. Crim. App. 1973). This is the most important interest of the three because an accused=s inability to adequately prepare for trial skews the fairness of the entire system. *Barker*, 407 U.S. at 532. If a witness dies or disappears during a delay, the prejudice is obvious; there is also prejudice if a defense witness is unable to recall accurately events of the distant past. *Id.* A defendant has the initial burden of showing that she was prejudiced by trial delay. *See Emery*, 881 S.W.2d at 709; *Harris*, 489 S.W.2d at 308.

Appellee contends that her defense was impaired because during the years between the accident and her arrest, she lost track of a co-worker (whom she knew only as ABobbie@) who was at the night club with appellee on the night of December 15, 1995. As previously determined by the court of criminal appeals, before such a contention will amount to Asome showing of prejudice,@ appellee must show that (i) the witness was unavailable, (ii) the witness=s testimony might be material and relevant to this case, and (iii) appellee exercised due diligence in attempting to find the witness for trial. *Phipps v. State*, 630

S.W.2d 942, 947 (Tex. Crim. App. 1982) (citing *Harris*, 489 S.W.2d at 308). Appellee does not point to anything in the record to show what testimony Bobbie, or anyone else, would have given that would have contributed to appellee=s defense. *Cf. Munoz*, 911 S.W.2d at 829 (requiring defendant to show that memory lapses were significant to the outcome of the case) (citing *Barker*, 407 U.S. at 534). *But see Phillips*, 650 S.W.2d at 402 (holding that *Barker* does not require a defendant to show that a witness would have definitely testified favorably for the defense). At best, appellee=s testimony establishes only that Bobbie *might* be able to testify that Bobbie did not think that appellee was drunk on the night of December 15, 1995, although appellee never attempted to establish that Bobbie would testify that appellee had not been drinking or was not drunk. Even if we assume that Bobbie=s testimony was material to the instant case, the record establishes that appellee never attempted to locate Bobbie. Therefore, appellee cannot establish she was prejudiced by Bobbie=s absence. *See id.*; *cf. Peoples v. State*, 477 S.W.2d 889 (Tex. Crim. App. 1972) (AIf a defendant does not apply for process of a witness until a day or two before his trial, he has failed to exercise the due diligence which is necessary to support a motion for continuance, particularly where several months have elapsed between the date of the indictment and the date of the trial.@). Because appellee cannot, and did not even try to, show that she was diligent in her attempts to locate Bobbie, she failed to establish one of the essential elements necessary to prevail on the prejudice analysis. We weigh this factor against her.

Considering the aforementioned factors and applying the *Barker* balancing test, we conclude the appellee was not denied her right to a speedy trial. There is no doubt that the substantial delay attributable to the State prior to her arrest weighs in favor of appellee. Appellee has failed, however, to

8

demonstrate that she promptly or persistently asserted her speedy trial right. Further, it is evident that appellee did not suffer any prejudice as a result of the State=s delay. Indeed, despite obtaining four continuances, appellee failed to make even the most basic attempt at locating her witness. We weigh these considerations against appellee. Because we find that appellee did not diligently assert her speedy trial right and that she was not prejudiced by any delay, we sustain the State=s issue. Accordingly, we reverse the trial court=s order of dismissal and remand this case to the trial court with directions to reinstate the misdemeanor DWI charges against appellee.

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Reversed and Remanded

Filed:  September 12, 2002

Do Not Publish