TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00269-CR







The State of Texas, Appellant


v.


Brandy Yvonne Pyburn, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY

NO. 2C96-1542, HONORABLE JOHN BARINA, JR., JUDGE PRESIDING





 The State appeals the trial court's judgment granting appellee's motion to dismiss for
failure to provide a speedy trial. See U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code
Crim. Proc. Ann. art. 1.05 (West 1977). Because we agree with the State that the trial court erred
in finding that the State violated appellee's right to a speedy trial, we reverse the trial court's order
and remand the cause for further proceedings.


BACKGROUND

 On December 15, 1995, at approximately 11:00 p.m., appellee's automobile collided
with another vehicle as she turned eastbound into a westbound lane of traffic at the intersection of
Loop 363 and Interstate 35 in Temple. Temple police officer David Davis responded to investigate
the accident scene. There, he interviewed the four occupants of the car struck by appellee's car. 
After concluding his investigation at the accident scene, Officer Davis believed appellee was
intoxicated. Officer Davis went to question appellee at the hospital where she had been transported
to treat her injuries. While at the hospital, Officer Davis also procured appellee's consent to take
a blood specimen. Appellee's blood test showed that she had a blood alcohol level of 0.11. Based
on the blood test and his investigation at the accident scene, on February 22, 1996, Officer Davis
procured an arrest warrant for appellee. On March 11, 1996, the State filed an information charging
appellee with the misdemeanor offense of driving while intoxicated. Appellee was arrested on
December 14, 2000. On April 19, 2002, appellee filed a motion to dismiss for failure to provide a
constitutional speedy trial. In arguing her motion before the trial court at a hearing on April 24,
2002, appellee asserted that she was prejudiced, not by the delay between her arrest and trial, but by
the delay between the filing of charges and her arrest, and that such prejudice merited dismissal of
the case. The trial court found that the State had violated appellee's right to a speedy trial and
granted appellee's motion. From that judgment, the State now appeals.


DISCUSSION

 The State contends in one issue that, because appellee did not diligently assert her
right to speedy trial, and because she did not make some showing of prejudice caused by the delay,
the trial court erred in granting appellee's motion to dismiss. Appellee responds that trial court
correctly granted the motion to dismiss because the State's lack of diligence in attempting to serve
an arrest warrant for fifty-seven months sufficiently prejudiced her defense so as to justify dismissal
of the misdemeanor DWI charges against her.

 The Sixth Amendment to the United States Constitution and article I, section 10 of
the Texas Constitution guarantee an accused the right to a speedy trial. U.S. Const. amend. VI; Tex.
Const. art. I, § 10; see also Tex. Code Crim. Proc. Ann. art. 1.05. The guarantee is one of "orderly
expedition and not mere speed." United States v. Marion, 404 U.S. 307, 313 (1971) (quoting Smith
v. United States, 360 U.S. 1, 10 (1959)). Constitutional speedy trial claims are analyzed by weighing
and then balancing the conduct of both the prosecution and the defendant against four factors: (i)
length of the delay, (ii) reason for the delay, (iii) assertion of the right, and (iv) prejudice to the
accused. Barker v. Wingo, 407 U.S. 514, 530 (1972); State v. Munoz, 991 S.W.2d 818, 821 (Tex.
Crim. App. 1999). None of the four factors are either necessary or sufficient to support a finding that
an accused has been deprived of the right to speedy trial; rather, a court must consider each factor
together with the particular and relevant circumstances of the case. Barker, 407 U.S. at 533; Munoz,
991 S.W.2d at 821.

 In reviewing a trial court's decision on an accused's speedy trial claim, we are to
apply a bifurcated standard of review in which we review the trial court's factual determinations
under an abuse of discretion standard but review de novo the legal components of the trial court's
decision. Munoz, 991 S.W.2d at 821 (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997); Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997)). The balancing test as a
whole, however, is a purely legal question subject to de novo review. Johnson, 954 S.W.2d at 771
(citing Villarreal v. State, 935 S.W.2d 134, 138 n.3 (Tex. Crim. App. 1996)). Bearing these
principles in mind, we now turn to our analysis of the four Barker factors.


Length of Delay

 The length of delay for purposes of speedy trial analysis is generally measured from
the time a defendant is arrested or formally charged. Marion, 404 U.S. at 313; Harris v. State, 827
S.W.2d 949, 956 (Tex. Crim. App. 1992). But the State concedes that the period between the filing
of the information and appellee's motion to dismiss is sufficient to trigger a full Barker analysis;
thus, it bears the burden of excusing the delay. See Doggett v. United States, 505 U.S. 647, 651-52
(1992); State v. Perkins, 911 S.W.2d 548, 552 (Tex. App.--Fort Worth 1995, no pet.).


Reason for Delay

 In considering the reason for the delay, different weight should be assigned to
different reasons. Phillips v. State, 650 S.W.2d 396, 400 (Tex. Crim. App. 1983); Turner v. State,
545 S.W.2d 133, 137 (Tex. Crim. App. 1976). A deliberate attempt to delay the trial in order to
hamper the defense would weigh heavily against the State. Barker, 407 U.S. at 531. A more neutral
reason, such as negligence or overcrowded dockets, should be weighed less heavily, but nevertheless
should be considered since the ultimate responsibility for such circumstances must rest with the
State, not the defendant. Id.; see also Turner, 545 S.W.2d at 137.

 The offense in question occurred on December 15, 1995; the State charged appellee
with the offense on March 11, 1996; the State did not arrest appellee for this offense until December
14, 2000. The record shows that shortly after the accident the investigating officer visited appellee
at the hospital, advised her that the police were investigating the accident, and obtained her consent
to take a blood sample. Although the underlying facts are undisputed, the parties disagree about the
substance of Officer Davis's conversation with appellee. Officer Davis testified at the hearing on
appellee's motion to dismiss that he told appellee she was under arrest for driving while intoxicated
and that she should contact the Temple Police Department the following day to see whether a
warrant had issued for her arrest. Appellee testified that while she was at the hospital she was never
told she was under arrest or that there were charges pending against her and that she was never taken
into police custody upon leaving the hospital. Because the trial court decided the speedy trial claim
in appellee's favor, we are required to presume that it resolved disputed fact issues in appellee's
favor. See Munoz, 991 S.W.2d at 821.

 The record also shows that, despite being arrested on at least two separate occasions
for other driving offenses after the alleged DWI, and attempting to verify whether she had any further
outstanding arrest warrants, appellee never received notification from the State that she had been
charged with DWI relating to the December 1995 accident. Although appellee admitted to moving
her residence several times between December 1995 and December 2000, she testified that she
continued to use as her permanent address the Killeen address that appeared on her driver's license
at the time of the accident, which was also her grandmother's permanent address. Appellee
contends, and the State does not dispute, that no one ever attempted to execute the warrant at her
grandmother's address, even though Officer Davis received separate notifications in 1997 and 1998
that the warrant had not been served. Giving due deference to the trial court's implied findings and
the undisputed facts, we attribute the delay to the State and resolve this factor in appellee's favor.


Assertion of Speedy Trial Right

 The State contends that appellee did not diligently assert her right to a speedy trial. 
In analyzing this factor, we note that the responsibility to assert the right to a speedy trial lies with
appellee. See Barker, 407 U.S. at 531. Where an accused promptly asserts her speedy trial right,
courts should give great weight to that assertion in determining whether she was deprived of that
right. Id. at 531-32. If, however, an accused fails to assert the right in a timely and persistent
manner, courts may infer that she waived her right to a speedy trial. Id. at 532 ("failure to assert the
right will make it difficult for a defendant to prove that he was denied a speedy trial"); see also
Emery v. State, 881 S.W.2d 702, 709 (Tex. Crim. App. 1994); Harris, 827 S.W.2d at 957; Rivera
v. State, 990 S.W.2d 882, 891 (Tex. App.--Austin 1999, pet. ref'd).

 In the instant case, we recognize that appellee cannot be penalized for failing to
invoke her speedy trial right until she became aware that she was charged with DWI, which was not
until after she was arrested in December 2000. See Doggett, 505 U.S. at 654. Our focus, then, is
on whether appellee diligently asserted her right to a speedy trial after her arrest. Between the time
of appellee's arrest and her motion to dismiss, appellee's attorney filed and received four
continuances. At the hearing on her motion to dismiss, appellee testified:


[State]: Were you concerned about getting a speedy trial before now?


[Appellee]: No. The lawyer--I don't really know too much about his stuff. I was
kind of letting him handle it.


Considering appellee's testimony, her attorney's numerous requests for continuances, and the lengthy
period of time between appellee's arrest and her first assertion of her speedy trial right, we weigh
this factor against her.


Prejudice to Defense

 The prejudice factor should be assessed in light of a defendant's interests that the
speedy trial right was designed to protect. Barker, 407 U.S. at 532; Emery, 881 S.W.2d at 709. The
Supreme Court has identified three such interests: (i) to prevent oppressive pretrial incarceration,
(ii) to minimize anxiety and concern of the accused resulting from the pending charges, and (iii) to
limit the possibility that the defendant's defense will be impaired. Barker, 407 U.S. at 532; see also
Phillips, 650 S.W.2d at 401. Nothing in the record supports an argument that the first two interests
are at issue in appellee's case. Thus, we are concerned primarily with the third interest, that is,
whether appellee's ability to defend herself was prejudiced by the delay. See Harris v. State, 489
S.W.2d 303, 308 (Tex. Crim. App. 1973). This is the most important interest of the three because
an accused's inability to adequately prepare for trial skews the fairness of the entire system. Barker,
407 U.S. at 532. If a witness dies or disappears during a delay, the prejudice is obvious; there is also
prejudice if a defense witness is unable to recall accurately events of the distant past. Id. A
defendant has the initial burden of showing that she was prejudiced by trial delay. See Emery, 881
S.W.2d at 709; Harris, 489 S.W.2d at 308.

 Appellee contends that her defense was impaired because during the years between
the accident and her arrest, she lost track of a co-worker (whom she knew only as "Bobbie") who
was at the night club with appellee on the night of December 15, 1995. As previously determined
by the court of criminal appeals, before such a contention will amount to "some showing of
prejudice," appellee must show that (i) the witness was unavailable, (ii) the witness's testimony
might be material and relevant to this case, and (iii) appellee exercised due diligence in attempting
to find the witness for trial. Phipps v. State, 630 S.W.2d 942, 947 (Tex. Crim. App. 1982) (citing
Harris, 489 S.W.2d at 308). Appellee does not point to anything in the record to show what
testimony Bobbie, or anyone else, would have given that would have contributed to appellee's
defense. Cf. Munoz, 911 S.W.2d at 829 (requiring defendant to show that memory lapses were
significant to the outcome of the case) (citing Barker, 407 U.S. at 534). But see Phillips, 650 S.W.2d
at 402 (holding that Barker does not require a defendant to show that a witness would have definitely
testified favorably for the defense). At best, appellee's testimony establishes only that Bobbie might
be able to testify that Bobbie did not think that appellee was drunk on the night of December 15,
1995, although appellee never attempted to establish that Bobbie would testify that appellee had not
been drinking or was not drunk. Even if we assume that Bobbie's testimony was material to the
instant case, the record establishes that appellee never attempted to locate Bobbie. Therefore,
appellee cannot establish she was prejudiced by Bobbie's absence. See id.; cf. Peoples v. State, 477
S.W.2d 889 (Tex. Crim. App. 1972) ("If a defendant does not apply for process of a witness until
a day or two before his trial, he has failed to exercise the due diligence which is necessary to support
a motion for continuance, particularly where several months have elapsed between the date of the
indictment and the date of the trial."). Because appellee cannot, and did not even try to, show that
she was diligent in her attempts to locate Bobbie, she failed to establish one of the essential elements
necessary to prevail on the prejudice analysis. We weigh this factor against her.

 Considering the aforementioned factors and applying the Barker balancing test, we
conclude the appellee was not denied her right to a speedy trial. There is no doubt that the
substantial delay attributable to the State prior to her arrest weighs in favor of appellee. Appellee
has failed, however, to demonstrate that she promptly or persistently asserted her speedy trial right. 
Further, it is evident that appellee did not suffer any prejudice as a result of the State's delay. Indeed,
despite obtaining four continuances, appellee failed to make even the most basic attempt at locating
her witness. We weigh these considerations against appellee. Because we find that appellee did not
diligently assert her speedy trial right and that she was not prejudiced by any delay, we sustain the
State's issue. Accordingly, we reverse the trial court's order of dismissal and remand this case to
the trial court with directions to reinstate the misdemeanor DWI charges against appellee.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Reversed and Remanded

Filed: September 12, 2002

Do Not Publish