**Dismissed and Opinion Filed May 31, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00171-CR

### LUIS TERRAZA DURAN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 366th Judicial District Court
Collin County, Texas
Trial Court Cause No. 366-82853-2011**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Lang, and Justice Brown
Opinion by Justice Lang

This appeal follows convictions for two counts of aggravated sexual assault of a child and one count of indecency with a child by contact. In a single issue, Luis Terraza Duran asserts the trial court's judgments should be reversed because retained counsel, who represented him following his arrest until six weeks before trial, was ineffective "by failing to recognize, file and urge" a speedy trial claim.[1] We affirm the trial court's judgments.

### I. FACTUAL AND PROCEDURAL CONTEXT

The offenses occurred between 1998 and 2004. In July 2005, the victim, Duran's step-daughter, gave birth to a child fathered by Duran. The victim was eleven years old at the time and did not disclose the abuse and that Duran was the father until May 2007.

---

[1] After retained counsel withdrew, counsel was appointed for Duran.

For reasons unclear from the record, Duran was not indicted until November 17, 2011. He was arrested in September 2013, almost two years later, after being extradited from Mexico where he had fled following the victim's disclosure. He was convicted by a jury in December 2014 and sentenced by the trial court to concurrent terms of fifty-five years' incarceration on each count of aggravated sexual assault and seventeen years' incarceration on the indecency count.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Duran's ineffective assistance of counsel claim stems from the nearly two year delay between the date he was indicted and the date he was arrested. Duran asserts the attorney he retained following his arrest "ought to have been aware from the moment his representation . . . commenced that a legitimate and viable claim for a violation of Appellant's Speedy Trial rights was ripe and ready for advancement[.]" Duran asserts further that, had retained counsel filed a motion to set aside the indictment based on a speedy trial violation, the trial court's "granting of the motion would have resulted in the dismissal of the Indictment."

*A. Standard of Review and Applicable Law*

1. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a defendant must show by a preponderance of the evidence both that counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Thompson v. State,* 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). To satisfy the first prong, the defendant must show counsel's performance fell below "the range of competence demanded of attorneys in criminal cases as reflected by prevailing professional norms[.]" *Nava v. State,* 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). The defendant generally must use affirmative evidence in the trial record to meet this burden. *See Ex parte Bryant*, 448 S.W.3d 29, 39 (Tex. Crim. App.

–2–

2014).  To satisfy the second prong, the defendant must show a reasonable probability that, absent counsel's errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687, 694; *Nava,* 415 S.W.3d at 308.  A defendant's failure to satisfy either prong defeats the ineffective assistance claim. *Thompson,* 9 S.W.3d 813.

In reviewing counsel's representation, an appellate court looks to the totality of representation and indulges a strong presumption that counsel's conduct "fell within the wide range of reasonable professional assistance."  *Id.* at 813.  Review is highly deferential and, a record silent as to why counsel took or failed to take the complained of actions will not support an ineffective assistance claim unless the record affirmatively demonstrates counsel's performance was "so outrageous that no competent attorney would have engaged in it." *See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  Counsel is not required to file futile motions, and counsel's failure to file a pretrial motion is not "categorically deemed" ineffective assistance of counsel.  *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991); *Madden v. State*, 911 S.W.2d 236, 241 (Tex. App.— Waco 1995, pet. ref'd).

### 2. Speedy Trial

A defendant has a fundamental right to a speedy trial under the Sixth Amendment to the United States Constitution and article 1, section 10 of the Texas Constitution.  *See* U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10; *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967); *Cantu v. State*, 253 S.W.3d 273, 280 n.16 (Tex. Crim. App. 2008).  This right protects the defendant against unjustified and prejudicial pretrial delay.  *See Doggett v. United States*, 505 U.S. 647, 651-52 (1992).  Generally, a delay "approach[ing] one year" is "presumptively prejudicial" and triggers analysis of a speedy trial claim.  *Id.* at 652 n.1; *Harris v. State*, 827 S.W.2d 949, 956

(Tex. Crim. App. 1992) (noting delay of eight months or longer "presumptively unreasonable") (citation omitted).

Courts determine a speedy trial claim on an "ad hoc basis" by applying a balancing test known as the "*Barker* test."[2]  *See Cantu*, 253 S.W.3d at 280.  In addition to considering the length of the delay, a court will consider the reason for the delay; the defendant's assertion of his right; and the prejudice inflicted by the delay.  *Id.*.  The defendant bears the burden of showing the delay was "presumptively prejudicial," he asserted his right to a speedy trial and was prejudiced by the delay, while the State bears the burden of justifying the length of the delay. *See id.* The defendant's burden "varies inversely" with the State's degree of culpability for the delay.  *Id.*  If a speedy trial violation is established, the indictment must be dismissed. *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003) (citing *Strunk v. United States*, 412 U.S. 434, 440 (1973)).

### B. Application of Law to Facts

Duran asserts retained counsel should have filed a speedy trial claim knowing that almost two years elapsed between the date of the indictment and the date of his arrest.  The delay Duran encountered is "presumptively unreasonable." *See Doggett*, 505 U.S. at 652 n.1.  However, the record is silent as to why counsel did not file a motion to dismiss the indictment for lack of a speedy trial, and we find nothing in the record affirmatively demonstrating counsel's performance was "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 593.

The record reflects Duran fled to Mexico following the victim's disclosure in May 2007 and returned only because he was extradited.  Counsel may have well believed, considering Duran fled the country, that it would have been futile to file a motion to dismiss. *See Rivera v.*

---

[2] *See Barker v. Wingo*, 407 U.S. 514 (1972).

*State*, 990 S.W.2d 882, 890 (Tex. App.—Austin 1999, pet. ref'd) (delay of eighteen years between date of indictment and date of arrest did not weigh against State where "appellant's hasty disappearance . . . coupled with his frequent name and identifying numbers changes while in another jurisdiction" established failure to apprehend appellant due in large part to appellant's actions); *Burgett v. State*, 865 S.W.2d 594, 597 (Tex. App.—Fort Worth 1993, pet. ref'd) (five-year delay between indictment and arrest weighed against appellant because delay attributable to appellant's elusive conduct); *Martinez v. State*, 824 S.W.2d 688, 691 (Tex. App.—El Paso 1992, pet. ref'd) (appellant could not contest two-year delay between date of indictment and date of arrest where delay caused by appellant's absence from state and absence from state provided basis for alibi defense). On the record before us, we conclude Duran has failed to show counsel was deficient and, accordingly, failed to demonstrate counsel was ineffective. *See Thompson*, 9 S.W.3d at 813; *see also Newcomb v. State*, 547 S.W.2d 37, 38 (Tex. Crim. App. 1977) (noting nature of *Barker* test requires full development of facts). We resolve Duran's sole issue against him.

## III. CONCLUSION

We affirm the trial court's judgments.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
Tex. R. App. P. 47
150171F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS TERRAZA DURAN, Appellant

No. 05-15-00171-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-82853-2011.
Opinion delivered by Justice Lang. Chief Justice Wright and Justice Brown participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgments.

Judgment entered this 31st day of May, 2016.